STEVEN REYNOLDS, Respondent, v. TRANSIT MIX CONCRETE CORP., Defendant, and LONG ISLAND LIGHTING COMPANY, Appellant.— Action to recover damages for personal injuries sustained by plaintiff when he was burned by electricity which passed from overhead high tension wires of defendant Long Island Lighting Company through the boom of a crane. Plaintiff was standing in proximity to the crane in connection with the performance of his work in the construction of a hopper alongside a road in Port Washington, Nassau County. Said defendant appeals from a judgment in favor of plaintiff, rendered upon a verdict of a jury. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ.

■

CHAS. SALENGER, INC., Appellant, v. F. G. A. CONCRETE CONSTRUCTION CORP., Respondent.— On February 1, 1950, plaintiff, a general contractor, entered into an agreement with defendant, as subcontractor, for the construction of a concrete floor containing 7,500 square feet. Defendant agreed to furnish all work, labor and services, and materials, and agreed to construct the floor in a good and workmanlike manner. The work was completed in March or April, 1950, and it is claimed that within a week thereafter parts of the floor crumbled or flaked. In September, 1950, plaintiff complained to defendant. In October or November, 1950, plaintiff replaced or repaired about 1,700 square feet of the floor at a cost of $1,546.35. Plaintiff, claiming that defendant constructed the floor in an unworkmanlike, careless and negligent manner and furnished and used inferior and unsuitable and defective materials, and that plaintiff would be required to replace the floor, sued to recover $7,500 damages. The case was tried at Trial Term without a jury and resulted in a judgment of $300 in favor of plaintiff. Plaintiff appeals. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Many of the rulings of the trial court on the opinion evidence proffered by plaintiff were erroneous even though much of it was sought to be elicited in an inartistic manner. The interests of justice require a new trial. Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.